UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRENCE LEE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-1792 CAS |
| WALGREENS COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Terrence Lee's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). On June 24, 2019, plaintiff filed this lawsuit against defendant Walgreens Company ("Walgreens"), using the Court's pre-printed Employment Discrimination Form. Doc. 1. Plaintiff alleges he was discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff seeks "2 years worth of salary for severance pay." Id. at 7.

Plaintiff filed a motion to proceed in forma pauperis, which the Court granted. Docs. 2, 4. In plaintiff's motion, he reported "Chapter 13 bankruptcy - $115.00 monthly" as a "debt or financial obligation." Doc. 2 at 2.

On September 4, 2019, this Court issued an Order noting defendant Walgreens had been served with summons and complaint, but failed to timely file an answer or responsive pleading in this case. Doc. 8. Plaintiff was directed to file an appropriate motion for entry of default by the Clerk of Court under Federal Rule of Civil Procedure 55(a). Plaintiff filed a motion for entry of clerk's default on September 13, 2019 followed by a second, duplicative motion on September 16, 2019. Docs. 9, 10. On September 19, 2019, plaintiff's first motion for entry of clerk's default was

granted and the second motion was denied as moot. Doc. 11. On September 20, 2019, plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Doc. 12. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the Clerk of Court pursuant to Fed. R. of Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court).

The Court will deny plaintiff's motion for default judgment without prejudice and will not consider any such motion until it is satisfied that plaintiff has disclosed the claims in this lawsuit in his bankruptcy case. See Jones v. Bob Evans Farms, Inc., 811 F.3d 1030, 1033 (8th Cir. 2016) (party who filed for bankruptcy may be judicially estopped from pursuing a claim for monetary damages if he failed to amend his bankruptcy schedules to include the claims in a pending lawsuit). This is because a debtor's failure to list an employment discrimination or other claim in the bankruptcy is "tantamount to a representation that no such claim existed." Stallings v. Hussmann, 447 F.3d 1041, 1047 (8th Cir. 2016).

Therefore, plaintiff will be directed to file documentation in this matter showing: (1) that he disclosed the claims in this action to the bankruptcy court before he filed the instant lawsuit; or (2) that his bankruptcy filings were amended after this case was filed or are in the process of being amended to include the claims in this action.

If plaintiff is unable to furnish the required documentation, this Court may preclude plaintiff from proceeding with this case and dismiss his claims without prejudice pursuant to the doctrine of judicial estoppel. "While the Eighth Circuit has not specifically stated so, other circuits have held judicial estoppel may be raised sua sponte. 'Judicial estoppel . . . can be raised by courts sua sponte because judicial estoppel concerns the integrity of the judicial system independent of the interest of

the parties.'" Combs v. Cordish Companies, Inc., 2015 WL 3716190, at *8 (W.D. Mo. June 15, 2015) (citing In re Airadigm Communications, Inc., 616 F.3d 642, 661 n.14 (7th Cir. 2010); Kaiser v. Bowlen, 455 F.3d 1197, 1204 (10th Cir. 2006); Grigson v. Creative Artists Agency LLC, 210 F.3d 524, 530 (5th Cir. 2000); DeMarco v. Ohio Decorative Products, Inc., 19 F.3d 1432 (6th Cir. 1994) (unpublished opinion); Mathison v. Berkebile, 988 F.Supp.2d 1091, 1102–03 (D.S.D. Dec. 20, 2013)), aff'd in part, rev'd in part, 862 F.3d 671 (8th Cir. 2017) (the district court's sua sponte application of judicial estoppel was not at issue on appeal); see also Jones v. Bob Evans Farms, Inc., 2015 WL 437921, at *4 (W.D. Mo. Feb. 3, 2015) (holding judicial estoppel may be raised sua sponte.)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Terrence Lee's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) is **DENIED without prejudice**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff Terrence Lee shall file in this case by **October 8, 2019**: (1) documentation evidencing that he disclosed to the bankruptcy court the claims in this action before he filed the instant lawsuit; or (2) documentation evidencing that his bankruptcy filings were amended after this case was filed or are in the process of being amended to include the claims in this action.

**Failure to comply with this order may result in dismissal of the claims against defendant in this matter without prejudice**.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this <u>  24th  </u> day of September, 2019.