UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1792 CAS |
| | ) | |
| WALGREENS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Terrence Lee's third motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Doc. 15. For the following reasons, this motion will be denied.

**I. Background**

On June 24, 2019, plaintiff filed this lawsuit against defendant Walgreens Company ("Walgreens"), using the Court's pre-printed Employment Discrimination Form. Doc. 1. Plaintiff alleges he was discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff seeks "2 years worth of salary for severance pay." Id. at 7.

Plaintiff filed a motion to proceed in forma pauperis, which the Court granted. Docs. 2, 4. In plaintiff's motion, he reported "Chapter 13 bankruptcy - $115.00 monthly" as a "debt or financial obligation." Doc. 2 at 2.

On September 4, 2019, this Court issued an Order stating defendant Walgreens had been served with summons and complaint, but failed to timely file an answer or responsive pleading in this case. Doc. 8. Plaintiff was directed to file an appropriate motion for entry of default by the

Clerk of Court under Federal Rule of Civil Procedure 55(a). Plaintiff filed a motion for entry of clerk's default on September 13, 2019 followed by a second, duplicative motion on September 16, 2019. Docs. 9, 10. On September 19, 2019, plaintiff's first motion for entry of clerk's default was granted, and the second motion was denied as moot. Doc. 11. On September 20, 2019, plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Doc. 12.

The Court denied plaintiff's motion for default judgment without prejudice. Doc. 13. The Order stated:

> [The Court] will not consider any such motion until it is satisfied that plaintiff has disclosed the claims in this lawsuit in his bankruptcy case. See Jones v. Bob Evans Farms, Inc., 811 F.3d 1030, 1033 (8th Cir. 2016) (party who filed for bankruptcy may be judicially estopped from pursuing a claim for monetary damages if he failed to amend his bankruptcy schedules to include the claims in a pending lawsuit). This is because a debtor's failure to list an employment discrimination or other claim in the bankruptcy is "tantamount to a representation that no such claim existed." Stallings v. Hussmann, 447 F.3d 1041, 1047 (8th Cir. 2016).
>
> Therefore, plaintiff will be directed to file documentation in this matter showing: (1) that he disclosed the claims in this action to the bankruptcy court before he filed the instant lawsuit; or (2) that his bankruptcy filings were amended after this case was filed or are in the process of being amended to include the claims in this action.
>
> If plaintiff is unable to furnish the required documentation, this Court may preclude plaintiff from proceeding with this case and dismiss his claims without prejudice pursuant to the doctrine of judicial estoppel.

Doc. 13 at 2.

On October 3, 2019, plaintiff filed a Response to the Court Order including "documentation that his bankruptcy filings were amended *after* this case was filed[.]" Doc. 14 at 1 (emphasis added). Plaintiff attached his Official Form 106A/B Amended Schedule of Property, signed and dated October 2, 2019, which amended paragraph 33 of his Chapter 13 bankruptcy schedules to

2

disclose a pre-petition claim for the instant lawsuit, which plaintiff's bankruptcy attorney stated was "inadvertently omitted."  Id. at 9.

**II. Discussion**

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding[.]" New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  "A party who has filed for [Chapter 13] bankruptcy may be judicially estopped from pursuing a claim not disclosed in his or her bankruptcy filings."  Jones v. Bob Evans Farms, Inc., 811 F.3d 1030, 1033 (8th Cir. 2016) (citing Stallings, 447 F.3d at 1047).   This is because "a Chapter 13 estate includes not only the property the debtor had at the time of filing, but also wages and property acquired after filing but before discharge[,]" and failure to disclose post-petition property can be a fraud on the court.  Combs v. The Cordish Cos., Inc., 862 F.3d 671, 679 (8th Cir. 2017) (citing Harris v. Viegelahn, ___ U.S. ___, 135 S. Ct. 1829, 1835 (2015)).

The Supreme Court has outlined three factors relevant for determining if judicial estoppel should apply when a lawsuit has not been disclosed to a bankruptcy trustee: (1) whether a party's later position is "clearly inconsistent" with its previous position; (2) whether the party succeeded in persuading the first court to accept its position; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped."  New Hampshire, 532 U.S. at 749.  The Eighth Circuit has applied these factors in determining the applicability of judicial estoppel.  See e.g., Van Horn v. Martin, 812 F.3d 1180, 1182 (8th Cir. 2016); Stallings, 447 F.3d at 1047.  Because plaintiff failed to amend his Chapter 13 bankruptcy schedules before filing the instant lawsuit and only did so in response to this Court's request for documentation of

3

the bankruptcy amendment, all three factors support the application of judicial estoppel in this case.

As to the first factor, plaintiff's instant employment discrimination lawsuit is inconsistent with his failure to amend his Chapter 13 bankruptcy schedules to include such claims. See Jones, 811 F.3d at 1033 ("[A] Chapter 13 debtor who does not amend his bankruptcy schedules to reflect a post petition cause of action adopts inconsistent positions in the bankruptcy court and the court where that cause of action is pending."); E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657, 680 (8th Cir. 2012) (upholding application of judicial estoppel to an employment discrimination claim because plaintiff was "obliged to amend her [Chapter 13] petition to disclose her involvement or potential involvement in the post-petition lawsuit.") (citing Stallings, 447 F.3d at 1048).

Plaintiff filed this lawsuit this lawsuit on June 24, 2019, approximately nine months after he filed his bankruptcy petition on November 2, 2018. Plaintiff does not dispute that he did not amend his bankruptcy schedules to reflect the claims he asserts in this lawsuit. "[A] debtor in bankruptcy proceedings has a continuing obligation to "amend his financial statements if circumstances change." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). Thus, plaintiff is asserting claims against defendant that he represented to the bankruptcy court did not exist. Accordingly, the first factor is satisfied.

As to the second factor, plaintiff succeeded in persuading the bankruptcy court to accept his position. This factor can be satisfied "where the bankruptcy court issues a 'no asset discharge,' thereby evidencing that 'the bankruptcy court has effectively adopted the debtor's position.'" CRST Van Expedited, 679 F.3d at 679; see also Schaefer v. First Source Advantage,

4

LLC, 2013 WL 509001, at *7 (E.D. Mo. Feb. 12, 2013) ("There was judicial acceptance of plaintiff's inconsistent position because the bankruptcy court relied on plaintiff's schedules and effectively adopted his position in issuing plaintiff a "no asset" discharge from his debts under Chapter 7 of the Bankruptcy Code"); Tokheim v. Georgia-Pac. Gypsum L.L.C., 606 F. Supp. 2d 988, 997 (N.D. Iowa Mar. 31, 2009) (finding bankruptcy court relied on plaintiff's failure to report lawsuit when bankruptcy plan did not require full payments to creditors). On March 5, 2019, the bankruptcy court confirmed plaintiff's schedules and plan, and among other things discharged plaintiff's debts as to non-priority, secured creditors in a total estimated amount of $133,757.08. In re: Terrence Lee, Case No. 18-47035 (Bankr. E.D. Mo. Jan. 29, 2019) (Doc. 36 at 5), (First Amended Chapter 13 Plan); (Doc. 44) (Certification and Order of Confirmation for Chapter 13 Plan).1 The fact that plaintiff filed his bankruptcy petition prior to filing the instant lawsuit is of no consequence. See CRST Van Expedited, 679 F.3d at 680 (a debtor is obligated to amend his bankruptcy petition to disclose involvement in a post-petition lawsuit and failure to amend satisfies the second judicial estoppel factor). Thus, the second factor is satisfied.

As to the third factor, "the debtor's non-disclosure of the claim must not be inadvertent and must result in the debtor gaining an unfair advantage." Stallings, 447 F.3d at 1048. "A debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." Id. (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)). "[A] debtor who files his bankruptcy petition, subsequently receives a right-to-sue letter from the Equal Employment

---

[1] The Court takes judicial notice of the filings in plaintiff's bankruptcy case. See United States v. Evans, 690 F.3d 940, 943 (8th Cir. 2012) ("[F]ederal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue.") (quoted case omitted).

Opportunity Commission (EEOC), and then fails to amend his bankruptcy petition to add his lawsuit against his employer as a potential asset is estopped from bringing the lawsuit because the debtor 'knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court.'" Id. (quoting DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003)).

In this case, plaintiff has not offered any affirmative evidence of good faith error or inadvertence. "This Court has found it significant when a party does not attempt to explain why he did not list a claim as property in his bankruptcy proceeding." Schaefer, 2013 WL 509001, at *7. The fact plaintiff only amended his bankruptcy schedules after this Court sought documentation of an amendment evidences his omission was not done in good faith. See id. (error not in good faith when plaintiff amended his bankruptcy schedules only after the existence of his bankruptcy proceedings were brought to the Court's attention via defendant's motion for summary judgment).

Plaintiff would also gain an unfair advantage because he used the Chapter 13 bankruptcy process to discharge $133,757.08 of unsecured debt and subsequently sought to obtain a monetary judgment equaling two years of severance pay from defendant free and clear of the bankruptcy process. See CRST Van Expedited, 679 F.3d at 679 ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quoting New Hampshire, 532 U.S. at 749). Thus, the third factor is satisfied.

For these reasons, the Court finds that all three of the New Hampshire factors have been satisfied and plaintiff's nondisclosure of his employment discrimination claims in this lawsuit was

not inadvertent. As a result, the Court concludes that plaintiff is bound by his previous representations and is judicially estopped from pursing his claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Terrence Lee's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) is **DENIED**. [Doc. 15]

**IT IS FURTHER ORDERED** that plaintiff Terrence Lee's cause of action and all his claims against defendant Walgreens Company are **DISMISSED without prejudice**.

An appropriate order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   28th   day of October, 2019.